UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF TENNESSEE

APPALSEED PRODUCTIONS, INC., d/b/a APPALSONGS; CHARLES LLOYD, Individually, and d/b/a FOREST FARM MUSIC; DARIUS BROOKS d/b/a FROM D's PEN; DAVID HOFFNER d/b/a FIELDS OF AUTUMN PUBLISHING; JOE HILL MUSIC, LLC, d/b/a JOE HILL MUSIC; LAURENCE WEISS d/b/a RHINESTONE COWBOY MUSIC CO.; MARK FARNER d/b/a CRAM RENRAFF COMPANY; and R GANT MUSIC GROUP, INCORPORATED, d/b/a HELLO DARLIN' MUSIC;

   Plaintiffs,

v.

ESCAPE MEDIA GROUP, INC.,

   Defendant.

CASE NO.: _____

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**JURY DEMAND**

**COME NOW** the Plaintiffs, by and through counsel, and for complaint against Defendant Escape Media Group, Inc. (hereinafter referred to as "EMG"), would state and allege as follows:

1

## A. INTRODUCTION

1. This Complaint is filed and these proceedings are instituted under the United States Copyright Act, 17 U.S.C. § 101 *et seq.* for copyright infringement, contributory copyright infringement and vicarious copyright infringement, and, injunctive relief and to recover, at Plaintiffs' election, either actual or statutory damages, plus discretionary costs, reasonable attorney's fees and costs for EMG's violations of the Act arising from EMG's willful and systematic copyright infringement, and facilitation and contribution thereto, through EMG's business operations over the Internet.

## B. JURISDICTION & VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 1338(a). Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(c) and 1400(a). Further, at all times relevant herein, EMG has targeted business efforts into the State of Tennessee and has entered into contacts/agreements for EMG's Internet music services with residents and citizens of the State of Tennessee, thus further making this District the proper venue.

## C. PARTIES

3. Plaintiff Appalseed Productions, Inc., d/b/a Appalsongs is a Virginia corporation.

2

4. Plaintiff Charles Lloyd, Individually and d/b/a Forest Farm Music is a citizen and resident of California.

5. Plaintiff Darius Brooks, an individual d/b/a From D's Pen is a citizen and resident of Illinois.

6. Plaintiff David Hoffner, an individual d/b/a Seven Centers Publishing, is a citizen and resident of Tennessee.

7. Plaintiff Joe Hill Music, LLC, d/b/a Joe Hill Music is a North Carolina limited liability company.

8. Plaintiff Laurence Weiss, an individual d/b/a Rhinestone Cowboy Music Co., is a citizen and resident of Tennessee.

9. Plaintiff Mark Farner, Individually and d/b/a Cram Renraff Company is a citizen and resident of Michigan.

10. Plaintiff R Gant Music Group, Incorporated, d/b/a Hello Darlin' Music is a Tennessee corporation.

11. Upon information and belief Defendant Escape Media Group, Inc. is a Delaware corporation with its principal place of business in Florida.

### D. FACTUAL ALLEGATIONS

12. Defendant owns and operates an internet music subscription, non-subscription, and music sharing network service located on the World Wide Web at

3

www.grooveshark.com, (hereinafter "Grooveshark").

13. Defendant also owns and operates an internet, non-subscription, music sharing network service located on the World Wide Web at www.tinysong.com, (hereinafter "Tinysong").

14. Grooveshark, in part, provides its customers access to copyrighted music without having to pay for the music. Defendant's Music Service website allows customers to selectively listen to the entire sound recording of a user-selected copyrighted musical work via "On-Demand Streams", said term being generally defined as on-demand real time digital transmissions of sound recordings using so-called streaming technology (also referred to as "Interactive Streams").

15. Additionally, Grooveshark has various paid subscription levels which allow subscribers access without ads and allows the subscribers to stream music from their phones and portable music devices.

16. Grooveshark also allows, encourages, promotes and facilitates users (subscribers and non-subscribers alike) to "share" music from Grooveshark via e-mail, distribution through social networking sites such as Facebook, Twitter, etc., and allows, encourages, promotes and facilitates users to distribute music from Grooveshark through what is commonly referred to as a "widget", which allows users to post any number of songs on another website or internet blog for the purpose of

distribution of copyrighted music to other internet users from Grooveshark and the promotion/advertisement of Grooveshark, all at no cost to the user.

17. Further, Grooveshark actively encourages its users and/or customers to "upload" copyrighted music to the service, which becomes a part of the Grooveshark database, searchable and able to be streamed and shared by any Grooveshark user for free. Grooveshark further provides the platform/means to upload copyrighted music to the Grooveshark database, with no safeguards whatsoever.

18. Tinysong, similarly provides users, at no cost, the ability to stream copyrighted music on demand and distribute copyrighted music via e-mail and social networking sites. In fact, Tinysong actively encourages, promotes and facilitates said distribution of copyrighted music, as the web page prominently displays "Share Any Song" and that "Tinysong is perfect for Tweetin' songs" (a reference to the social networking site "Twitter").

19. In order to legally transmit, perform, reproduce and deliver any sound recording embodying any copyrighted musical composition via "On-Demand Streams", Defendants must first obtain not only a license for use of the particular sound recording itself, but also must obtain a license for the underlying musical composition embodied on each separate sound recording, either via a voluntary license from the copyright owner or via strict compliance with the statutory compulsory

5

licensing provisions of the United States Copyright Act.

20. Absent compliance with said compulsory license provisions of the Copyright Act for each copyrighted musical composition embodied on each separate sound recording, prior to distribution, EMG is statutorily barred from obtaining a compulsory license and may only legally utilize said copyrighted musical compositions via a voluntary license.

21. Neither EMG, Grooveshark, nor Tinysong is a "service provider" as defined by 17 U.S.C. § 512.

22. Plaintiff Appalseed Productions, Inc., d/b/a Appalsongs, is the sole copyright owner of the musical compositions listed on the attached **Exhibit "A"**, and holder of the exclusive rights secured by 17 U.S.C. § 106.

23. The copyrighted musical compositions listed on said Exhibit "A" are embodied on the sound recordings listed on the attached **Exhibit "B"**, each of which is available on Grooveshark and Tinysong for all available uses/distributions referenced above. (said Exhibit "B" lists each recording's song title, artist's name, and/or album title as they appear on Grooveshark and Tinysong and the copyright registration number of the embodied musical composition owned by this Plaintiff).

24. Plaintiff Charles Lloyd, Individually and d/b/a Forest Farm Music, is the sole copyright owner of the musical compositions listed on the attached **Exhibit**

6

**"C"**, and holder of the exclusive rights secured by 17 U.S.C. § 106.

25. The copyrighted musical compositions listed on said Exhibit "C" are embodied on the sound recordings listed on the attached **Exhibit "D"**, each of which is available on Grooveshark and Tinysong for all available uses/distributions referenced above. (said Exhibit "D" lists each recording's song title, artist's name, and/or album title as they appear on Grooveshark and Tinysong and the copyright registration number of the embodied musical composition owned by this Plaintiff).

26. Plaintiff Darius Brooks, d/b/a From D's Pen, is the sole copyright owner of the musical compositions listed on the attached **Exhibit "E"**, and holder of the exclusive rights secured by 17 U.S.C. § 106.

27. The copyrighted musical compositions listed on said Exhibit "E" are embodied on the sound recordings listed on the attached **Exhibit "F"**, each of which is available on Grooveshark and Tinysong for all available uses/distributions referenced above. (said Exhibit "F" lists each recording's song title, artist's name, and/or album title as they appear on Grooveshark and Tinysong and the copyright registration number of the embodied musical composition owned by this Plaintiff).

28. Plaintiff David Hoffner, d/b/a Fields of Autumn Publishing, is the sole or joint copyright owner of the musical compositions listed on the attached **Exhibit "G"**, and holder of the exclusive rights secured by 17 U.S.C. § 106.

29. The copyrighted musical compositions listed on said Exhibit "G" are embodied on the sound recordings listed on the attached **Exhibit "H"**, each of which is available on Grooveshark and Tinysong for all available uses/distributions referenced above. (said Exhibit "H" lists each recording's song title, artist's name, and/or album title as they appear on Grooveshark and Tinysong and the copyright registration number of the embodied musical composition owned by this Plaintiff).

30. Plaintiff Joe Hill Music, LLC, d/b/a Joe Hill Music, is the sole copyright owner of the musical compositions listed on the attached **Exhibit "I"**, and holder of the exclusive rights secured by 17 U.S.C. § 106.

31. The copyrighted musical compositions listed on said Exhibit "I" are embodied on the sound recordings listed on the attached **Exhibit "J"**, each of which is available on Grooveshark and Tinysong for all available uses/distributions referenced above. (said Exhibit "J" lists each recording's song title, artist's name, and/or album title as they appear on Grooveshark and Tinysong and the copyright registration number of the embodied musical composition owned by this Plaintiff).

32. Plaintiff Laurence Weiss, d/b/a Rhinestone Cowboy Music Co., is the sole copyright owner of the musical compositions listed on the attached **Exhibit "K"**, and holder of the exclusive rights secured by 17 U.S.C. § 106.

33. The copyrighted musical compositions listed on said Exhibit "K" are

8

Case 3:11-cv-00681   Document 1   Filed 07/15/11   Page 8 of 19 PageID #: 8

embodied on the sound recordings listed on the attached **Exhibit "L"**, each of which is available on Grooveshark and Tinysong for all available uses/distributions referenced above. (said Exhibit "L" lists each recording's song title, artist's name, and/or album title as they appear on Grooveshark and Tinysong and the copyright registration number of the embodied musical composition owned by this Plaintiff).

34. Plaintiff Mark Farner, d/b/a Cram Renraff Company, is the sole copyright owner of the musical compositions listed on the attached **Exhibit "M"**, and holder of the exclusive rights secured by 17 U.S.C. § 106.

35. The copyrighted musical compositions listed on said Exhibit "M" are embodied on the sound recordings listed on the attached **Exhibit "N"**, each of which is available on Grooveshark and Tinysong for all available uses/distributions referenced above. (said Exhibit "N" lists each recording's song title, artist's name, and/or album title as they appear on Grooveshark and Tinysong and the copyright registration number of the embodied musical composition owned by this Plaintiff).

36. Plaintiff R Gant Music Group Incorporated, d/b/a Hello Darlin' Music, is the sole copyright owner of the musical compositions listed on the attached **Exhibit "O"**, and holder of the exclusive rights secured by 17 U.S.C. § 106.

37. The copyrighted musical compositions listed on said Exhibit "O" are embodied on the sound recordings listed on the attached **Exhibit "P"**, each of which is

available on Grooveshark and Tinysong for all available uses/distributions referenced above. (said Exhibit "P" lists each recording's song title, artist's name, and/or album title as they appear on Grooveshark and Tinysong and the copyright registration number of the embodied musical composition owned by this Plaintiff).

38. Plaintiffs Appalseed Productions, Inc. d/b/a Appalsongs and Joe Hill Music, LLC d/b/a Joe Hill Music, are jointly the sole copyright owners of the musical compositions listed on the attached **Exhibit "Q"**, and joint holders of the exclusive rights secured by 17 U.S.C. § 106.

39. The copyrighted musical compositions listed on said Exhibit "Q" are embodied on the sound recordings listed on the attached **Exhibit "R"**, each of which is available on Grooveshark and Tinysong for all available uses/distributions referenced above. (said Exhibit "R" lists each recording's song title, artist's name, and/or album title as they appear on Grooveshark and Tinysong and the copyright registration number of the embodied musical composition jointly-owned by these two Plaintiffs).

40. Each of copyrighted musical compositions listed on Exhibits A, C, E, G, I, K, M, O and Q, attached hereto, have been registered with the United States Copyright Office, as evidenced by the corresponding Copyright Registration numbers for each composition listed on said exhibits.

41. Without Plaintiffs' authorization, license or permission, Defendant has

copied, displayed, performed and distributed to the public, via on-demand streams through Grooveshark and Tinysong, the sound recordings (embodying Plaintiffs' copyrighted musical compositions) referenced on Exhibits B, D, F, H, J, L, N, P and R, attached hereto.

42. Defendant neither sought nor obtained a license, permission or authorization from Plaintiffs, or any agent of Plaintiffs, nor did Defendant procure the aforementioned statutory compulsory license, prior to copying Plaintiffs' copyrighted musical compositions onto Defendant's computer server(s), making said copyrighted musical compositions available to the public on Defendant's music services, performing said musical compositions through Defendant's music services and distributing said copyrighted musical compositions through Defendant's music services.

43. Defendant continues to copy, display, perform and distribute additional sound recordings embodying Plaintiffs' copyrighted musical compositions to the public via Defendant's music services, without a license, authorization or permission from Plaintiffs, thereby further infringing Plaintiffs' exclusive rights.

44. Defendant had knowledge at the time it copied, displayed, performed and distributed recordings embodying Plaintiffs' copyrighted musical compositions, that Defendant was required to obtain authorization via a license from Plaintiffs or

11

procure the aforementioned statutory compulsory license prior to any use of Plaintiffs' copyrighted musical compositions.

47. Defendant further had knowledge that it is barred from obtaining a statutory compulsory license, having failed to send proper notice prior to distribution.

46. Defendant has made the recordings embodying Plaintiffs' copyrighted musical compositions available to the general public without any compensation to Plaintiffs.

47. Defendant has knowledge, via the Grooveshark widgets and uploading, and sharing capabilities of Grooveshark and Tinysong, provided by Defendant, that infringing activities are taking place through Grooveshark and Tinysong.

48. Defendant has further fascilitated, encouraged and contributed to its subscribing and non-subscribing users' infringement of Plaintiffs' copyrighted musical compositions via the Grooveshark widgets and uploading, and sharing capabilities of Grooveshark and Tinysong, all as described herein.

49. Defendant has derived direct and substantial financial benefits from the infringements of Plaintiffs' copyrighted musical compositions by Grooveshark and Tinysong's users. Defendant, by allowing the infringing activities of its users, promotes and advertises Grooveshark and Tinysong, driving users to the sites

(resulting in increased advertising revenues) and increasing the Defendant's subscription base.

50. Defendant has the ability to control the infringement of Plaintiffs' copyrighted musical compositions by Grooveshark and Tinysong's users.

### E. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Copyright Infringement)**

51. Plaintiffs hereby adopt, reallege and incorporate by reference the allegations contained in Paragraphs 1 through 56 above.

52. Each instance whereby each separate sound recording embodying a copyrighted musical composition owned by Plaintiffs was copied, displayed, performed and/or distributed by Defendant via Grooveshark and/or Tinysong, whether streaming, uploading or sharing, constitutes a separate act of copyright infringement and a separate violation of 17 U.S.C. 101, *et seq*.

53. Each of Defendant's acts of copyright infringement referenced herein were willful within the meaning of 17 U.S.C. 101, *et seq*.

54. Plaintiffs have suffered economic damage and irreparable harm as a result of Defendant's continuing acts of infringement, and unless and until Defendant's conduct is enjoined by this Court, Defendant will continue to cause irreparable injury

that cannot fully be compensated for or measured in money, and Plaintiffs are accordingly entitled to an injunction pursuant to 17 U.S.C. § 502 prohibiting further infringement of their exclusive rights under the Copyright Act.

55. Plaintiffs are entitled to, at their election, either their actual damages and Defendant's profits from the infringing activities described herein, or, in the alternative, statutory damages pursuant to 17 U.S.C. § 101, *et seq*.

56. Plaintiffs are further entitled to their attorney fees and costs pursuant to 17 U.S.C. § 505.

## SECOND CAUSE OF ACTION
### (Contributory Copyright Infringement)

57. Plaintiffs hereby adopt, reallege and incorporate by reference the allegations contained in Paragraphs 1 through 56 above.

58. Defendant's users and subscribers are actively infringing Plaintiff's copyrighted musical compositions, as set forth herein, by uploading, streaming and sharing recordings embodying said compositions through Grooveshark and Tinysong, which infringes upon Plaintiffs' exclusive rights secured by 17 U.S.C. § 106.

59. Defendant has explicit and constructive knowledge that said infringements are taking place and actively induces, facilitates, causes and materially contributes to said infringements.

14

60. As a result of the foregoing, Defendant is liable for contributorily infringing Plaintiffs' copyrighted musical compositions, in violation of Sections 106 and 501 of the Copyright Act.

61. Each instance whereby each separate sound recording embodying a copyrighted musical composition owned by Plaintiffs was copied, displayed, performed and/or distributed by users of Grooveshark and/or Tinysong, whether streaming, uploading or sharing, constitutes a separate act of copyright infringement and a separate violation of 17 U.S.C. 101, *et seq.*, for which Defendant is liable.

62. Each act of copyright infringement referenced herein was willful within the meaning of 17 U.S.C. 101, *et seq*.

63. Plaintiffs have suffered economic damage and irreparable harm as a result of the continuing acts of infringement referenced herein, and unless and until Defendant's conduct is enjoined by this Court, Defendant will continue to cause irreparable injury that cannot fully be compensated for or measured in money, and Plaintiffs are accordingly entitled to an injunction pursuant to 17 U.S.C. § 502 prohibiting further infringement of their exclusive rights under the Copyright Act.

64. Plaintiffs are entitled to, at their election, either their actual damages and Defendant's profits from the infringing activities described herein, or, in the alternative, statutory damages pursuant to 17 U.S.C. § 101, *et seq*.

15

Case 3:11-cv-00681   Document 1   Filed 07/15/11   Page 15 of 19 PageID #: 15

65. Plaintiffs are further entitled to their attorney fees and costs pursuant to 17 U.S.C. § 505.

### THIRD JOINT CAUSE OF ACTION
### (Vicarious Copyright Infringement)

66. Plaintiffs hereby adopt, reallege and incorporate by reference the allegations contained in Paragraphs 1 through 56 above.

67. Defendant's users and subscribers are actively infringing Plaintiffs' copyrighted musical compositions, as set forth herein, by uploading, streaming and sharing recordings embodying said compositions through Grooveshark and Tinysong, which infringes upon Plaintiffs' exclusive rights secured by 17 U.S.C. § 106.

68. Defendant has derived direct and substantial financial benefits from the infringements of Plaintiffs' copyrighted musical compositions by Grooveshark and Tinysong's users, as described herein.

69. Defendant has the legal right and actual ability to supervise, control and prevent the infringing activities that occur through Grooveshark and Tinysong, but has failed and or refused to exercise any control over the infringing activities.

70. As a result of the foregoing, Defendant is liable for vicariously infringing Plaintiffs' copyrighted musical compositions, in violation of Sections 106 and 501 of the Copyright Act.

71. Each instance whereby each separate sound recording embodying a copyrighted musical composition owned by Plaintiffs was copied, displayed, performed and/or distributed by users of Grooveshark and/or Tinysong, whether streaming, uploading or sharing, constitutes a separate act of copyright infringement and a separate violation of 17 U.S.C. 101, *et seq.*, for which Defendant is liable.

72. Each act of infringement referenced herein was willful within the meaning of 17 U.S.C. 101, *et seq.*

73. Plaintiffs have suffered economic damage and irreparable harm as a result of the continuing acts of infringement referenced herein, and unless and until Defendant's conduct is enjoined by this Court, Defendant will continue to cause irreparable injury that cannot fully be compensated for or measured in money, and Plaintiffs are accordingly entitled to an injunction pursuant to 17 U.S.C. § 502 prohibiting further infringement of their exclusive rights under the Copyright Act.

74. Plaintiffs are entitled to, at their election, either their actual damages and Defendant's profits from the infringing activities described herein, or, in the alternative, statutory damages pursuant to 17 U.S.C. § 101, *et seq.*

75. Plaintiffs are further entitled to their attorney fees and costs pursuant to 17 U.S.C. § 505.

# F. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray for judgment against the Defendant as follows:

1. On all Counts, for such equitable relief as is necessary to prevent or restrain infringement of Plaintiffs' copyrights, including a permanent injunction requiring that Defendant and its agents, servants, employees, officers, directors, attorneys, successors, assigns, licensees, and all others in active concert or participation with any of them cease infringing, or causing, aiding, enabling, facilitating, encouraging, promoting, inducing, or materially contributing to or participating in the infringement of any of Plaintiffs' copyrights or exclusive rights protected by the Copyright Act or common law (whether now in existence or hereafter created), including, without limitation, the compositions referenced on the Exhibits attached hereto.

2. On Counts I, II and III, an award to Plaintiffs, at their election, of either (i) actual damages and profits derived by Defendant as a result of the infringing activities described herein, pursuant to 17 U.S.C. § 504(b), or (ii) statutory damages in the maximum amount of $150,000 per each act of infringement of Plaintiffs' copyrighted works, pursuant to 17 U.S.C. § 504(c)

3. For Plaintiffs' attorney fees.

4. Discretionary costs;

5. For such other and further relief as this Court deems appropriate.

6. Plaintiffs demand a jury.

> Respectfully Submitted,
>
> GRAUBERGER, GREEN & ASSOCIATES, PLLC
>
>
> /s/ Stephen E. Grauberger
> Stephen E. Grauberger #23652
> Derrick H. Green #25412
> 2612 N. Mt. Juliet Rd.
> Mt. Juliet, TN 37122
> TEL: (615) 773-6116
> FAX: (615) 773-7116
> grauberger@gglaw-tn.com
> green@gglaw-tn.com