UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

APPALSEED PRODUCTIONS, INC., )
d/b/a APPALSONGS; CHARLES LLOYD, )
individually and d/b/a FOREST FARM MUSIC; )
DARIUS BROOKS d/b/a FROM D'S PEN; )
DAVID HOFFNER d/b/a FIELDS OF AUTUMN )
PUBLISHING; JOE HILL MUSIC, LLC ) Case No. 3-11-0681
d/b/a JOE HILL MUSIC; LAURENCE WEISS )
d/b/a RHINESTONE COWBOY MUSIC CO.; ) **JUDGE TRAUGER**
MARK FARNER d/b/a CRAM RENRAFF )
COMPANY; and R GANT MUSIC GROUP, INC. )
d/b/a HELLO DARLIN' MUSIC, )
)
                Plaintiffs, )
)
-against- )
)
ESCAPE MEDIA GROUP, INC., )
)
                Defendant. )

## ANSWER

Defendant Escape Media Group, Inc. ("defendant"), as and for its Answer to the correspondingly numbered paragraphs of the Complaint, styled "Complaint for Copyright Infringement" (the "Complaint"), of plaintiffs Appalseed Productions, Inc., d/b/a Appalsongs; Charles Lloyd, individually and d/b/a Forest Farm Music; Darius Brooks d/b/a From D's Pen; David Hoffner d/b/a Fields of Autumn Publishing; Joe Hill Music, LLC d/b/a Joe Hill Music; Laurence Weiss d/b/a Rhinestone Cowboy Music Co.; Mark Farner d/b/a Cram Renraff Company; and R Gant Music Group, Inc. d/b/a Hello Darlin' Music (collectively, "plaintiffs"), avers as follows:

## INTRODUCTION

1. Defendant admits that plaintiffs purport to assert claims for relief under the United States Copyright Act, 17 U.S.C. § 101 et seq. (the "Act"), but denies that defendant engaged in any violations of the Act or otherwise acted unlawfully, that plaintiffs' claims have any merit, that defendant has any liability in respect thereof, or that plaintiffs are entitled to any damages, remedy or relief of any kind in connection with their claims asserted in the Complaint.

## JURISDICTION & VENUE

2. The allegations set forth in the first two sentences of this paragraph of the Complaint state legal conclusions to which no response is required in this Answer, although, in so answering, defendant avers that this Court lacks personal jurisdiction over defendant. Defendant denies the allegations set forth in the third sentence of said paragraph.

## PARTIES

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint.

11. Admitted.

## FACTUAL ALLEGATIONS

12. Defendant admits that it operates an internet music service located on the World Wide Web at www.grooveshark.com, and denies the remaining allegations set forth in this paragraph of the Complaint.

13. Defendant admits that it operates an internet music service located on the World Wide Web at www.tinysong.com, and denies the remaining allegations set forth in this paragraph of the Complaint.

14. Defendant admits that Grooveshark users can search for sound recordings posted on the Grooveshark website and listen to those sound recordings by "streaming" them over the Internet. Defendant denies the remaining allegations set forth in this paragraph of the Complaint.

15. Defendant admits that Grooveshark users may subscribe to certain enhanced services that, respectively, allow users to stream music from the Grooveshark website on certain personal electronic devices and provide advertising-free website navigation. Defendant denies the remaining allegations set forth in this paragraph of the Complaint.

16. Denied.

17. Denied.

18. Defendant admits that the Tinysong website displays the phrases "Share Any Song" and "Tinysong is perfect for tweetin' songs." Defendant denies the remaining allegations set forth in this paragraph of the Complaint.

19. Denied.

20. Denied.

21. Denied.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint.

23. Defendant admits that sound recordings identified by Grooveshark users with the titles, artists' names and/or album titles listed in Exhibit B annexed to the Complaint were available for streaming via the Grooveshark and Tinysong websites on or before the date of this Answer, although in so answering, defendant denies that such sound recordings are, or have been, "available on Grooveshark and Tinysong for all available uses/distributions referenced" in the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph of the Complaint.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint.

25. Defendant admits that sound recordings identified by Grooveshark users with the titles, artists' names and/or album titles listed in Exhibit D annexed to the Complaint were available for streaming via the Grooveshark and Tinysong websites on or before the date of this Answer, although in so answering, defendant denies that such sound recordings are, or have been, "available on Grooveshark and Tinysong for all available uses/distributions referenced" in

the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph of the Complaint.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint.

27. Defendant admits that sound recordings identified by Grooveshark users with the titles, artists' names and/or album titles listed in Exhibit F annexed to the Complaint were available for streaming via the Grooveshark and Tinysong websites on or before the date of this Answer, although in so answering, defendant denies that such sound recordings are, or have been, "available on Grooveshark and Tinysong for all available uses/distributions referenced" in the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph of the Complaint.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint.

29. Defendant admits that sound recordings identified by Grooveshark users with the titles, artists' names and/or album titles listed in Exhibit H annexed to the Complaint were available for streaming via the Grooveshark and Tinysong websites on or before the date of this Answer, although in so answering, defendant denies that such sound recordings are, or have been, "available on Grooveshark and Tinysong for all available uses/distributions referenced" in the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph of the Complaint.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint.

31. Defendant admits that sound recordings identified by Grooveshark users with the titles, artists' names and/or album titles listed in Exhibit J annexed to the Complaint were available for streaming via the Grooveshark and Tinysong websites on or before the date of this Answer, although in so answering, defendant denies that such sound recordings are, or have been, "available on Grooveshark and Tinysong for all available uses/distributions referenced" in the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph of the Complaint.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint.

33. Defendant admits that sound recordings identified by Grooveshark users with the titles, artists' names and/or album titles listed in Exhibit L annexed to the Complaint were available for streaming via the Grooveshark and Tinysong websites on or before the date of this Answer, although in so answering, defendant denies that such sound recordings are, or have been, "available on Grooveshark and Tinysong for all available uses/distributions referenced" in the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph of the Complaint.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint.

35. Defendant admits that sound recordings identified by Grooveshark users with the titles, artists' names and/or album titles listed in Exhibit N annexed to the Complaint were available for streaming via the Grooveshark and Tinysong websites on or before the date of this Answer, although in so answering, defendant denies that such sound recordings are, or have been, "available on Grooveshark and Tinysong for all available uses/distributions referenced" in

the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph of the Complaint.

36. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint.

37. Defendant admits that sound recordings identified by Grooveshark users with the titles, artists' names and/or album titles listed in Exhibit P annexed to the Complaint were available for streaming via the Grooveshark and Tinysong websites on or before the date of this Answer, although in so answering, defendant denies that such sound recordings are, or have been, "available on Grooveshark and Tinysong for all available uses/distributions referenced" in the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph of the Complaint.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint.

39. Defendant admits that sound recordings identified by Grooveshark users with the titles, artists' names and/or album titles listed in Exhibit R annexed to the Complaint were available for streaming via the Grooveshark and Tinysong websites on or before the date of this Answer, although in so answering, defendant denies that such sound recordings are, or have been, "available on Grooveshark and Tinysong for all available uses/distributions referenced" in the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph of the Complaint.

40. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint.

41. Denied.

7

42. Defendant admits that it did not seek or obtain a license, permission or authorization directly from plaintiffs, or affirmatively seek a statutory compulsory license, prior to making any of the musical compositions at issue in the Complaint available for streaming (through the sound recordings embodying those compositions) via its Grooveshark and Tinysong websites, although, in so answering, defendant denies that it was required to do so and avers that it did obtain licenses authorizing the performance of those compositions through such streaming. Defendant denies the remaining allegations set forth in this paragraph of the Complaint, including, without limitation, the allegation that it "displayed" or "distributed" plaintiffs' purported "copyrighted musical compositions."

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Defendant admits that it employs safeguards designed to prevent the infringement by internet users of copyrighted material made available for streaming via the Grooveshark and Tinysong websites. Defendant denies the remaining allegations set forth in this paragraph of the Complaint.

8

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
(Copyright Infringement)

51. Defendant incorporates herein by reference in their entirety its answers to the preceding paragraphs of the Complaint.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

### SECOND CAUSE OF ACTION
(Contributory Copyright Infringement)

57. Defendant incorporates herein by reference in their entirety its answers to the preceding paragraphs of the Complaint.

58. The allegations set forth in this paragraph of the Complaint state a legal conclusion to which no response is required in this Answer. To the extent that a response is required, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in said paragraph. In so answering, defendant denies any liability to plaintiffs and denies that plaintiffs are entitled to any relief on the basis of the claims asserted in the Complaint.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

### THIRD CAUSE OF ACTION
### (Vicarious Copyright Infringement)

66. Defendant incorporates herein by reference in their entirety its answers to the preceding paragraphs of the Complaint.

67. The allegations set forth in this paragraph of the Complaint state a legal conclusion to which no response is required in this Answer. To the extent that a response is required, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in said paragraph. In so answering, defendant denies any liability to plaintiffs and denies that plaintiffs are entitled to any relief on the basis of the claims asserted in the Complaint.

68. Denied.

69. Defendant admits that it employs safeguards designed to prevent the infringement by internet users of copyrighted material made available for streaming via the Grooveshark and Tinysong websites. Defendant denies the remaining allegations set forth in this paragraph of the Complaint.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over defendant.

### SECOND AFFIRMATIVE DEFENSE

The Complaint, and each of the Causes of Action asserted therein, fail to state claims upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the statutory immunity granted to service providers such as defendant under 17 U.S.C. § 512.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the alleged conduct of defendant is licensed.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of fair use.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because any alleged damages were caused by independent acts of third parties of which defendant had no knowledge, over which defendant had no control and for which defendant may not be held liable.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are estopped from raising the claims asserted in their Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs waived the claims asserted in their Complaint.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that any uploads by users and/or streaming of the sound recordings at issue in the Complaint was authorized or does not constitute direct infringement by users of Grooveshark and/or Tinysong.

## ELEVENTH AFFIRMATIVE DEFENSE

Any damages allegedly suffered by plaintiffs, and defendant denies any such damages, are reduced and/or offset by royalties paid by defendant to performing rights societies in respect of the musical compositions at issue in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional affirmative defenses, including upon the discovery of new or previously unknown information.

WHEREFORE, based on the foregoing Answers and Affirmative Defenses, defendant Escape Media Group, Inc. respectfully requests that this Court enter judgment in its favor and against plaintiffs on all claims asserted against defendant in the Complaint, or, in the alternative, that this Court dismiss plaintiffs' Complaint with prejudice in its entirety, and that, as a concomitant thereto, this Court award defendant its costs and attorneys' fees incurred in this action (including, without limitation, pursuant to the Act) and such other and further relief as this Court may deem just and appropriate in the circumstances.

Dated: September 9, 2011

        ROSENBERG & GIGER P.C.

        <u>s/ John J. Rosenberg</u>
        John J. Rosenberg (NY Bar # 4352209)
        (admitted *pro hac vice*)
        Matthew H. Giger (NY Bar # 3897014)
        (admitted *pro hac vice*)
        488 Madison Avenue, 10th Floor
        New York, NY 10022
        (212) 705 4824
        jrosenberg@rglawpc.com
        mgiger@rglawpc.com

        and

        EVERHART LAW FIRM PLC
        Amy J. Everhart (TN BPR #19374)
        2400 Crestmoor Road
        Nashville, TN 37215
        (615) 386-7022
        amy@everhartlawfirm.com

        *Attorneys for Defendant*
        *Escape Media Group, Inc.*

# CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically and, as such, was served on all counsel of record via the Court's electronic filing system on this 9th day of September, 2011.

s/ John J. Rosenberg